ORIGINAL

**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
Email: kbc@cjmlv.com
WESLEY J. SMITH, ESQ.
Nevada Bar No. 011871
Email: wes@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 255-1718
Facsimile:  (702) 255-0871
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, by and through its fiduciary Morty Miller; SOUTHERN NEVADA CULINARY AND BARTENDERS PENSION TRUST, by and through its fiduciary Kim Gould; CULINARY & BARTENDERS HOUSING PARTNERSHIP TRUST, by and through its fiduciary Nevada Partners, Inc., | CASE NO.: 11-1177 |
| | **STIPULATION FOR ENTRY OF JUDGMENT BY CONFESSION** |
| Plaintiffs, | |
| vs. | Date:   N/A |
| | Time:   N/A |
| PLAZA HOTEL & CASINO, LLC, a Nevada limited liability company; PLAYLV GAMING INVESTMENTS, LLC, a Nevada limited liability company, | |
| Defendants. | |

The Hotel Employees and Restaurant Employees International Union Welfare Fund, by and through its fiduciary Morty Miller, Southern Nevada Culinary and Bartenders Pension Trust Fund, by and through its fiduciary Kim Gould, and the Culinary & Bartenders Housing Partnership Trust, by and through its fiduciary Nevada Partners, Inc. ("Plaintiffs" or "Trusts"), by and through their attorneys, Christensen James & Martin, and the Defendants, Plaza Hotel & Casino, LLC and PlayLV Gaming Investments, LLC ("Defendants"), by and through their attorneys, Braunstein Turkish, LLP, hereby Stipulate and Agree ("Stipulation") as follows:

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1    1. This Stipulation for Entry of Judgment by Confession is entered into by and
2   between the above-named parties to settle and conclude certain legal disputes relating to the
3   payment of fringe benefit contributions (principal), attorney's fees, interest and liquidated
4   damages owed to the Plaintiffs by Defendants.

5    2. A Judgment by Confession shall be entered in favor of the Plaintiffs and against
6   Defendants for the sum of Four Hundred Forty-Three Thousand Nine Hundred Twenty-Eight
7   and 03/100 Dollars ($443,928.03), which sum includes all pre-judgment damages owed,
8   including all delinquent contributions for the period May 2010 through August 2010 and interest,
9   liquidated damages and attorney's fees accrued through September 30, 2010.

10    3. This Stipulation is conditioned by certain and specific terms contained within the
11   Judgment by Confession executed contemporaneously herewith and incorporated herein by this
12   reference, as though fully set forth hoc verba.

13   CHRISTENSEN JAMES & MARTIN

14   By: _____

15     Wesley J. Smith, Esq.
  *Attorneys for Plaintiffs*

16   Date: October 25, 2010.

17

BRAUNSTEIN TURKISH, LLP

By: _____

Harry Braunstein, Esq.
*Attorneys for Defendants*

Date: October 2~, 2010.

18
19   PLAYLV GAMING INVESTMENTS, LLC and
PLAZA HOTEL & CASINO, LLC

20   By: _____
  Tony Santo, its President

21
Date: October 25, 2010

22
23
24
25
26
27
28

1  CHRISTENSEN JAMES & MARTIN
   KEVIN B. CHRISTENSEN, ESQ.
2  Nevada Bar No. 000175
   Email: kbc@cjmlv.com
3  WESLEY J. SMITH, ESQ.
   Nevada Bar No. 011871
4  Email: wes@cjmlv.com
   7440 W. Sahara Avenue
5  Las Vegas, Nevada 89117
   Telephone: (702) 255-1718
6  Facsimile: (702) 255-0871
   *Attorneys for Plaintiffs*

7

8                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**

9                              * * * * *

10  THE HOTEL EMPLOYEES AND                    CASE NO.:
    RESTAURANT EMPLOYEES
11  INTERNATIONAL UNION WELFARE FUND,
    by and through its fiduciary Morty Miller;
12  SOUTHERN NEVADA CULINARY AND
    BARTENDERS PENSION TRUST, by and          **JUDGMENT BY CONFESSION**
13  through its fiduciary Kim Gould; CULINARY &
    BARTENDERS HOUSING PARTNERSHIP
14  TRUST, by and through its fiduciary Nevada
    Partners, Inc.,
15
16                   Plaintiffs,
                                              Date:   N/A
17  vs.                                       Time:   N/A

18  PLAZA HOTEL & CASINO, LLC, a Nevada
    limited liability company; PLAYLV GAMING
19  INVESTMENTS, LLC, a Nevada limited liability
    company,
20
                     Defendants.

21
22      Pursuant to the express Stipulation for Entry of Judgment by Confession ("Stipulation")

23  between the parties hereto, it is hereby ORDERED, ADJUDGED AND DECREED that:

24      1.      The Hotel Employees and Restaurant Employees International Union Welfare

25  Fund, Southern Nevada Culinary and Bartenders Pension Trust Fund and Culinary & Bartenders

26  Housing Partnership Trust ("Plaintiffs" or "Trusts") shall take Judgment by Confession

27  ("Judgment") against the Defendants, Plaza Hotel & Casino, LLC ("Plaza") and PlayLV Gaming

28  Investments, LLC ("PlayLV") (collectively hereinafter "Defendants") for the sum of Four

                                    -3-

Hundred Forty-Three Thousand Nine Hundred Twenty-Eight and 03/100 Dollars ($443,928.03) ("Judgment Amount"), which sum includes unpaid contributions, pre-judgment interest, liquidated damages and attorney's fees. Interest shall accrue on the Judgment amount at the rate of seven percent (7%) per annum.

2. The Judgment Amount shall be paid to Plaintiffs as third party beneficiaries under the terms of written collective bargaining agreements between Plaza and Culinary Workers Union, Local 226 and Bartenders Union, Local 165. This Judgment includes settlement of all known claims by Plaintiffs for fringe benefit contributions for the period commencing with the May 2010 work month and ending with the August 2010 work month (inclusive), plus interest, liquidated damages and attorney's fees accrued through September 30, 2010. This Judgment is not intended to, and it does not, resolve claims that are as yet unknown to the Trusts, including any claims that may later be revealed by audit. The Trusts specifically reserves all audit rights.

3. The entire Judgment Amount, including interest on the declining Judgment balance and any after-accruing amounts, shall be paid by Defendants to Plaintiffs according to the terms of the following payment plan:

A. <u>Plaza Payment Plan</u>: The sum of $443,928.03 ("Plaza Delinquency") shall be paid through fifteen (15) consecutive monthly installments due on or before the twenty-fifth (25th) day of each month, commencing on October 25, 2010.

i. Defendants shall remit payments One (1) through Nine (9) in the amount of $10,000.00 each, commencing on or before October 25, 2010 and on the twenty-fifth (25th) day of each month thereafter, each Trust to be paid by separate check, made payable as follows:

Check A - HEREIU Welfare Fund - $8,381.46;

Check B - Southern Nevada Culinary & Bartenders Pension Trust - $1,582.48; and

Check C - Culinary and Bartenders Housing Partnership Trust - $36.05.

ii. Defendants shall remit payments Ten (10) through Fifteen (15) in

-4-

1   the amount of $63,893.92 each, commencing on or before July 25, 2011 and on the twenty-fifth

2   (25th) day of each month thereafter, each Trust to be paid by separate check, made payable as

3   follows:

4           Check A - HEREIU Welfare Fund - $53,552.46;

5           Check B - Southern Nevada Culinary & Bartenders Pension Trust - $10,111.11;

6           and

7           Check C - Culinary and Bartenders Housing Partnership Trust - $230.36.

8   Subject only to the Defendants' right to cure under Paragraph 8, the final payment of all unpaid

9   portions of the Plaza Delinquency, in the scheduled amount of $63,893.92 (which includes

10  interest scheduled to accrue), shall be further increased to include after-accruing attorney's fees

11  incurred by Plaintiffs relating to this Judgment and/or collection of the amounts referenced

12  herein, and shall be paid by Defendants to Plaintiffs on or before December 25, 2011 ("Plaza

13  Payment Plan").

14          B.    Concurrently herewith, Defendant PlayLV shall execute a separate

15  Stipulation for Entry of Judgment by Confession and separate Judgment by Confession for

16  delinquencies owed to the Plaintiffs by Las Vegas Club Hotel & Casino, LLC ("LVC") and

17  Western Hotel & Casino, LLC ("Western"), wherein PlayLV shall be obligated under a LVC

18  Payment Plan and a Western Payment Plan, as those terms are defined therein. The Plaza, LVC

19  and Western Payment Plans are concurrent obligations and, subject only to Defendants' right to

20  cure under paragraph 8, any failure to submit a payment under the terms of any Payment Plan

21  shall be a default under both Judgments.

22          C.    Defendants may combine Judgment payments due under each Payment

23  Plan each month to common Funds, resulting in a total of three (3) checks submitted to Plaintiffs

24  each month, one for each Fund (i.e. - all Judgment payment amounts due to the HEREIU

25  Welfare Fund on October 25, 2010 may be combined into one check).

26          D.    In addition to paying the Judgment Amount as required by the foregoing

27  terms, Defendants shall timely pay all contributions that fall due while any portion of the

28

1  Judgment Amount remains unpaid (i.e. - for hours worked by Defendants' covered employees

2  while the Judgment Amount is being paid), including any contributions falling due within forty-

3  five (45) days of the final payment of the Judgment Amount.  Defendants shall remit monthly

4  reports to the Trusts listing hours worked by their covered employees, and shall submit checks to

5  the Trusts to pay for said hours.  The reports and checks shall be delivered to the Plaintiffs or

6  their designee on or before the 15th day of the month following the calendar month in which the

7  covered hours of work listed on the report were performed.

8        E.     Upon Plaintiffs' receipt and negotiation of payment of the entire Judgment

9  Amount this obligation will have been satisfied and upon receipt of a request therefor Plaintiffs

10  shall deliver to Defendants a written Release and Satisfaction of Claims.

11        F.     The following potential claims are reserved by the Trusts: (i) any claims

12  unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment,

13  including, without limitation, claims by the Trusts for additional contributions and related

14  damages that may be due and owing to the Trusts pursuant to the provisions of any collective

15  bargaining agreement to which Defendants may be bound that requires the payment of

16  contributions to the Trusts; (ii) the obligation of Defendants or any trade or business under

17  common control of the Defendants (to the extent Defendants or any trade or business under

18  common control with the Defendants has any obligation) to pay, and the rights of the Trusts to

19  assess and collect, withdrawal liability pursuant to 29 USC § 1381, et. seq. (including the use of

20  Defendants' contribution history for purposes of calculating any withdrawal liability); and (iii)

21  any additional claims discovered by Audit for any past, present or future Audit period.

22       4.     Defendants shall have the right at any time to prepay the entire Judgment balance

23  owed, or any portion thereof, without incurring any prepayment penalty.   However, if

24  Defendants make early payments, the interest accruing on the declining Judgment balance

25  (which is already included in the payment amounts required hereunder) shall not be recalculated

26  in Defendants' favor.

27       5.     Filing of and execution on the Stipulation and this Judgment shall be stayed

28

1    through December 25, 2011, provided that payment in full shall have been made by Defendants
2    in accordance with the terms of this Judgment and subject to the default terms of Paragraph 8.

3          6.     The payments toward the Judgment Amount required herein shall be made
4    payable to "HEREIU Welfare Fund", "Southern Nevada Culinary & Bartenders Pension Trust"
5    and "Culinary and Bartenders Housing Partnership Trust", as set forth in Paragraph 3 above, and
6    shall be remitted to Plaintiffs' counsel, Christensen James & Martin, at 7440 W. Sahara Ave.,
7    Las Vegas, NV 89117, or at such other location as Defendants are notified in writing.  Should
8    any of Defendants' payments be returned for insufficient funds, all subsequent payments shall be
9    made using cashier's checks or money orders.

10         7.     Defendants shall forthwith execute and submit the following documents to
11   Plaintiffs' attorney:

12                A.     The Stipulation and this Judgment; and

13                B.     The Stipulation for Entry of Judgment by Confession and Judgment by
14   Confession for Las Vegas Club Hotel & Casino, LLC and Western Hotel & Casino, LLC.

15         8.     Should Defendants fail to satisfy any of the conditions in Paragraphs 2, 3, 6, 7 or
16   8, a written Notice of Default shall immediately be delivered to Play Las Vegas, Attn. Joanne
17   Stinziano, 1 Main Street, Las Vegas, NV 89101.  If Defendants thereafter fail to make the
18   required payment(s) or otherwise fail to comply with the conditions of such paragraphs within
19   ten (10) days of the date of such Notice, Plaintiffs shall have the unconditional and immediate
20   right to file the Stipulations and Judgments with the United States District Court, and may
21   execute upon the same for whatever amount then remains due and owing, including after-
22   accruing attorney's fees, without further notice to Defendants or Order from the Court.

23         9.     Plaintiffs' Release and Satisfaction of Claims in favor of Defendants shall not be
24   executed nor delivered until all of Defendants' obligations under this Judgment have been fully
25   performed.

26   ///
27   ///
28

10. Defendants have consulted the attorney(s) of their choice and fully understand the obligations and consequences of this Judgment.

DATED August 9, 2012.

_____
UNITED STATES DISTRICT COURT JUDGE

Approved and Submitted by:

CHRISTENSEN JAMES & MARTIN

By: _____
     Wesley J. Smith, Esq.
     *Attorneys for Plaintiffs*

Dated: October 25, 2010

Approved as to Form and Content:

BRAUNSTEIN TURKISH, LLP

By: _____
     Harry Braunstein, Esq.
     *Attorneys for Defendants*

PLAYLV GAMING INVESTMENTS, LLC,
PLAZA HOTEL & CASINO, LLC,

By: _____
     Tony Santo; its President

Dated: October 25, 2010

-8-

## OATH AND VERIFICATION

STATE OF NEVADA )
                                ) : ss.
COUNTY OF CLARK )

_Tony Santo_ , as _President_ of PlayLV Gaming Investments, LLC and Plaza Hotel & Casino, LLC, being first duly sworn upon oath, now verifies and declares that:

1.    Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2.    The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further you affiant sayeth naught.

as _President_ of PlayLV Gaming Investments, LLC and Plaza Hotel & Casino, LLC

Subscribed and Sworn before me this 25th day of October, 2010.

Notary Public

STEPHANIE F. GANTT
Notary Public State of Nevada
No. 08-5715-1
My appt. exp. Jan. 23, 2012

-9-

**DECLARATION OF WESLEY J. SMITH, ESQ.**

STATE OF NEVADA  )
                              ) ss.
COUNTY OF CLARK )

Wesley J. Smith, under penalty of perjury under the laws of the State of Nevada and the United States of America, declares as follows:

1.      I am an attorney licensed to practice in the State of Nevada and before this Court.

2.      I am employed by Christensen James & Martin, counsel for the Judgment Creditors THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, SOUTHERN NEVADA CULINARY AND BARTENDERS PENSION TRUST and CULINARY & BARTENDERS HOUSING PARTNERSHIP TRUST ("Judgment Creditors").

3.      I make this Declaration in support of the foregoing Stipulation for Entry of Judgment by Confession ("Stipulation") and Judgment by Confession ("Judgment") in favor of the Judgment Creditors and against Judgment Debtors PLAZA HOTEL & CASINO, LLC and PLAYLV GAMING INVESTMENTS, LLC ("Judgment Debtors").

4.      I personally prepared the foregoing Stipulation and Judgment and this Declaration.  I am familiar with all factual statements contained therein and herein, which I know to be true and correct, except for any statements made on information and belief, which statements I believe to be true.  I am competent to testify to the same and would so testify if called upon as a witness.

5.      The Stipulation and Judgment were negotiated between the Judgment Creditors, through the undersigned counsel, and Judgment Debtors, through their counsel of choice, Harry Braunstein, of the firm Braunstein Turkish, LLP located in New York, to resolve certain fringe benefit contribution delinquencies and contract damages owed to the Judgment Creditors pursuant to the terms of a certain Collective Bargaining Agreement and related Trust Agreements for covered labor performed by the Judgment Debtors' employees.  The amounts owed are based and calculated from the Judgment Debtors' own reports submitted to the

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

Judgment Creditors setting forth monthly hours of covered labor performed and amounts owed for contributions for those hours.  The Stipulation and Judgment were entered and executed on October 25, 2010.

6.     The total judgment amount is $443,928.03 ("Original Judgment Amount"), plus interest accruing at the rate of 7% per annum until paid in full.  The Judgment Amount and interest were amortized into a graduated payment schedule requiring the Judgment Debtors to submit monthly payments to the Trust Funds, commencing on October 25, 2010 and ending with the final payment due on December 25, 2011 ("Monthly Judgment Payments").

7.     The Judgment Debtors have submitted payment as described above to the undersigned in the total amount of $91,382.07.  The Judgment Debtors still owe the Judgment Creditors $381,981.41 ("Remaining Judgment Amount").  The Remaining Judgment Amount will continue to accrue interest at the rate of 7% per annum until paid in full.

8.     In addition to paying the Monthly Judgment Payments, the Judgment Debtors are required to timely pay all fringe benefit contributions that fall due while any portion of the Judgment remains unpaid (i.e. - for hours worked by Judgment Debtors' covered employees while the Judgment Amount is being paid).  Judgment Debtors are required to remit monthly reports to the Judgment Creditors listing hours worked by their covered employees, and submit checks to the Judgment Creditors to pay for said hours.  The reports and checks are required to be delivered to the Judgment Creditors or their designee on or before the 15th day of the month following the calendar month in which the covered hours of work listed on the report were performed ("Monthly Contributions Payments").

9.     Any failure to pay the Monthly Judgment Payments or Monthly Contribution Payments is a default under the terms of the Judgment.  If Judgment Debtors fail to make the required payment(s) within ten (10) days of written Notice of Default, the Judgment Creditors have the unconditional and immediate right to file the Stipulation and Judgment with the United States District Court, and may execute upon the same for whatever amount then remains due and

-2-

owing, including after-accruing attorney's fees, without further notice to Judgment Debtors or Order from the Court.

10.     Attached hereto is such a Notice of Default, mailed to the Judgment Debtors on June 29, 2011.  The Notice of Default explains certain amounts which had not been timely paid, including the Monthly Judgment Payment due on June 25, 2011 and the Monthly Contribution Payment for the May 2011 work month due on June 15, 2011.  The Notice demanded payment of those amounts within ten days of the Notice.  The Judgment Debtors paid the Monthly Judgment Payment, but failed to cure the other amounts.  This continuing and uncured default, despite Notice and demand, is the reason why the Judgment Creditors are forced to file the Stipulation and Judgment.

11.     The Judgment should be entered for the Remaining Judgment Amount.

DATED this 18th day of July, 2011.                    /s/ *Wesley J. Smith*
                                                       Wesley J. Smith, Esq.



KEVIN B. CHRISTENSEN
EVAN L. JAMES ▲
DARYL E. MARTIN

SARA D. COPE ▲
WESLEY J. SMITH ▲
LAURA J. WOLFF

▲ ALSO LICENSED IN UTAH

CHRISTENSEN JAMES & MARTIN
A T T O R N E Y S   A T   L A W

7440 W. SAHARA AVENUE
LAS VEGAS, NEVADA 89117
TEL 702 255 1718
FAX 702 255 0871

Writer's Email: wes@cjmlv.com

## NOTICE OF DEFAULT

### VIA FIRST CLASS MAIL

June 29, 2011

Play Las Vegas
Attn: Joanne Stinziano
1 Main Street
Las Vegas, NV 89101

Re:   Culinary Trust Funds v. PlayLV Gaming Investments, LLC, Plaza Hotel & Casino, Western Hotel & Casino and Las Vegas Club Hotel & Casino; **NOTICE OF DEFAULT – June 2011 Judgment Payments, May 2011 Contributions, Various Late Charges**

Dear Ms. Stinziano,

This office represents the Culinary Trust Funds (collectively "Trust Funds") in the above-entitled matter. As you are aware, PlayLV Gaming Investments, LLC, Plaza Hotel & Casino, Western Hotel & Casino and Las Vegas Club Hotel & Casino ("PlayLV") are parties to Confessions of Judgment ("Judgments") for unpaid fringe benefit contributions and contract damages owed to the Trust Funds.

PlayLV has failed to pay the June 2011 Judgment Payments, May 2011 Contributions and various late charges (interest and liquidated damages) for previous late payments and defaults, resulting in Default of the Judgments.   The amounts owed to the Trust Funds, are as follows:

### JUNE 2011 JUDGMENT PAYMENTS

Welfare:  $30,299.74
Pension:  $5,797.10

### CONTRIBUTIONS AND LATE CHARGES

**Las Vegas Club:**

Welfare
2/11 Principal - $123.16 (underpayment)
5/11 Principal - $51,303.11
3/31 Interest - $110.83, Liquidated damages - $110.69
5/31 Interest - $82.38, Liquidated damages - $82.38

6/30 Interest - $110.69, Liquidated damages -$110.69

Pension
    5/11 Principal - $9,704.55
    3/31 Interest - $27.97, Liquidated damages - $136.72
    5/31 Interest - $20.79, Liquidated damages - $232.28
    6/30 Interest - $27.92, Liquidated damages - $145.57

Housing
    4/11 Principal - $313.90
    5/11 Principal - $196.71
    3/31 Interest - $18.48, Liquidated damages - $18.48
    5/31 Interest - $52.09, Liquidated damages - $52.09
    6/30 Interest - $51.06, Liquidated damages - $51.06

## The Western:

Welfare
    2/11 Principal - $46.41 (underpayment)
    5/11 Principal - $18,485.50
    3/31 Interest - $41.76, Liquidated damages - $41.76
    5/31 Interest - $28.33, Liquidated damages - $28.33
    6/30 Interest - $39.88, Liquidated damages - $39.88

Pension
    5/11 Principal - $3,498.54
    3/31 Interest - $10.54, Liquidated damages - $51.52
    5/31 Interest - $7.15, Liquidated damages - $79.89
    6/30 Interest - $10.06, Liquidated damages - $52.48

Housing
    4/11 Principal - $107.96
    5/11 Principal - $70.92
    3/31 Interest - $6.96, Liquidated damages - $6.96
    5/31 Interest - $17.95, Liquidated damages - $17.95
    6/30 Interest - $17.89, Liquidated damages - $17.89

## The Plaza:

Welfare
    2/11 Principal - $48.31 (underpayment)
    5/11 Principal - $16,304.70
    3/31 Interest - $43.47, Liquidated damages - $43.47

5/31 Interest - $25.33, Liquidated damages - $25.33
6/30 Interest - $35.18, Liquidated damages - $35.18

Pension
5/11 Principal - $3,085.80
3/31 Interest - $10.97, Liquidated damages - $53.62
5/31 Interest - $6.36, Liquidated damages - $71.07
6/30 Interest - $8.88, Liquidated damages - $46.29

Housing
4/11 Principal - $96.53
5/11 Principal - $62.55
3/31 Interest - $7.25, Liquidated damages - $7.25
5/31 Interest - $17.50, Liquidated damages - $17.50
6/30 Interest - $15.91, Liquidated damages - $15.91

**The Default must be cured within ten (10) days** of this Notice by remitting payment to this office in the amounts specified above. Accordingly, **payment should be immediately remitted to our office** in the following total amounts: **Pension Fund – $; Welfare Fund – $; and Housing Fund – $. <u>Any and all defaults for May 2011 Contributions, June 2011 Judgment Payments and all late charges must be fully and completely cured within ten (10) days of this Notice.</u>**

Additionally, please take notice that pursuant to paragraph 3(A), all attorney's fees incurred in collecting the Judgment Payments, including late monthly contribution payments, will be added in to the amount of the final payment under the Judgments. (". . . the final payment of all unpaid portions of the . . . Delinquency . . . shall be further increased to include after-accruing attorney's fees incurred by Plaintiffs relating to this Judgment and/or collection of the amounts referenced herein . . . ."). Therefore, in order to avoid further attorney's fees, please timely remit future monthly contributions.

We look forward to your timely response. Please contact me if you have any questions.

Sincerely,

Wesley J. Smith, Esq.

cc:   Terry Greenwald
      Mike Sloan
      Rich McCracken, Esq.
      Mitch Whitehead, Esq.
      Andrea Flaherty, Esq.
      Dean Dailey
      Brandi Henry

Page **3** of **3**